**ZAIEN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–2069–ag.

United States Court of Appeals, Second Circuit.

March 28, 2008.

Vlad Kuzmin, Kuzmin & Associates, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, Donald A. Couvillon, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. ROBERT D. SACK, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

## SUMMARY ORDER

Petitioner Zaien Chen, a native and citizen of China, seeks review of an April 16, 2007 order of the BIA affirming the August 30, 2005 decision of Immigration Judge ("IJ") Noel Anne Ferris denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zaien Chen*, No. A 77 993 457 (B.I.A. Apr. 16, 2007), *aff'g* No. A 77 993 457 (Immig. Ct. N.Y. City Aug. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). Because the BIA did not adopt the nexus or credibility findings of the IJ, but its reasoning otherwise closely tracks that of the IJ, we review both decisions minus the nexus and credibility findings. This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirements that an alien appeal to the BIA before filing a petition for review, *see Theodoropoulos v. INS*, 358 F.3d 162, 165–69, 174 (2d Cir. 2004), and that on appeal to the BIA, he or she raise each category of relief subsequently raised in this Court, *see Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). Here, Chen did not seek reopening of his removal proceedings before the BIA pursuant to 8 C.F.R. § 1003.2(c) for consideration of the evidence he submitted with his appeal to the BIA. As such, this Court is without jurisdiction to consider any request for that relief before this Court, and Chen's petition for review is dismissed to the extent that Chen seeks it. *See* 8 U.S.C. § 1252(d)(1).

■ Chen argues that his due process rights were violated by the "inability of the court interpreter to accurately and properly translate at the hearing." Due process requires that a petitioner "be furnished with an accurate and complete translation of official proceedings" as "to enable the applicant to place his claim before the judge." *Augustin v. Sava*, 735 F.2d 32, 37 (2d Cir.1984). The only specific translation errors to which Chen points concern the IJ's finding that he failed to establish that he practiced Christianity. He does not assert that there was any mistranslation of that portion of his testimony concerning the separate and dispositive bases of the agency's denial of relief—that the purported threats against Chen and his alleged abuse during his detention did not amount to persecution or torture and did not establish a well-founded fear of persecution or a likelihood of torture. Therefore, Chen has failed to establish the requisite prejudice to the outcome of his hearing to establish a due process violation where, as discussed below, the agency

properly denied relief on those bases. *See id.* at 37–38.

Chen's argument that the BIA violated his due process rights because it did not consider new evidence he submitted with his appeal fails. Contrary to Chen's assertion that the BIA did not review the submitted evidence, the BIA explicitly indicated that it considered the additional evidence only to determine whether remand was appropriate, and noted that it cannot make findings of fact. *See* 8 C.F.R. § 1003.1(d)(3)(iv). Moreover, this Court has held that remand for agency consideration of documents not in the record is inappropriate in the absence of government consent because "agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence," which Chen did not follow. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007). Accordingly, the BIA appropriately declined to consider extra-record evidence in support of Chen's appeal.

■ The agency properly affirmed the IJ's denial of Chen's asylum claim. Although Chen claimed that a police officer threatened to arrest and beat him, no evidence indicates that the officer actually arrested or otherwise physically harmed Chen. *See Matter of Acosta,* 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds, INS v. Cardoza-Fonseca,* 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). The police disruption of Chen's underground church meeting also did not amount to persecution, as Chen was not in any way harmed as a result of the incident. Additionally, Chen failed to establish a well-founded fear of persecution because no evidence indicates that the police have a continued interest in Chen because of his participation in the church.

Further, Chen failed to exhaust before the BIA his arguments that he suffered persecution on the basis of a protected ground because of his detention and mistreatment in China upon his return from Cambodia, and his purported history with the "armed police." Thus, we decline to consider these arguments. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1(b) (2d Cir.2007).

Because Chen has failed to show the objective likelihood of persecution needed to make out an asylum claim, he necessarily fails to meet the higher standard required to succeed on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, the BIA properly concluded that Chen was ineligible for CAT relief. Although Chen asserts that he was slapped and struck during his detention, the agency did not err in finding that this treatment did not amount to torture. *See* 8 C.F.R. § 1208.18(a)(2) (defining torture as "an extreme form of cruel and inhuman treatment"). The agency also appropriately found that no evidence indicates that Chen was likely to be tortured upon return. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005).

Chen also argues that he demonstrated eligibility for CAT relief based on the letters from family members he submitted with his BIA appeal. We do not consider that evidence—and Chen's related argument—because it was not a part of the record before the IJ and Chen did not seek admission of that evidence before the BIA. *See* 8 U.S.C. § 1252(b)(4)(A) (noting that this Court's review is statutorily limited to "the administrative record on which the [challenged] order of removal is based").

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED

as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).